## DURKEE vs. MARSHALL.

In an action on a note payable in *specific articles,* where the defendant asked the court of common pleas, in an *appeal case,* to instruct the jury that the plaintiff was not entitled to recover, because a sufficient *demand* before suit had not been proved, and the court decided that the evidence was sufficient to *submit the question to the jury,* and then proceeded and delivered their opinion to the jury, that the matters given in evidence *constituted a demand,* and were *sufficient* to entitle the plaintiff to a recovery, this court *refused to reverse the judgment,* considering what was said by the common pleas as a mere expression of opinion on the weight of evidence, and not as a charge, that as a matter of law the demand was sufficient.

ERROR from the Clinton common pleas. Marshall sued Durkee before a justice, and declared against him on a *due bill* in these words : " Due Paul Marshall five dollars and twelve cents in *candles,* at 16 cents per pound," and also for goods, wares and merchandize, sold and delivered to the defendant. The justice gave judgment for the plaintiff for $7,67 damages, besides costs. The defendant appealed to the Clinton common pleas, and on the trial in that court it appeared that the defendant was a manufacturer of candles; that the plaintiff had furnished him with various quantities of tallow, wich he made into candles for the plaintiff, at a given price per pound, and there was evidence that he had admitted a balance of

$1,21 against him, in the accounts between him and the plaintiff. There was proof also of a *demand* of the candles specified in the note, but the evidence was not very explicit or satisfactory. The testimony on the part of the plaintiff being closed, the counsel for the defendant insisted that the evidence was not sufficient to authorize the court to leave the question to the consideration of the jury, whether the plaintiff ought to recover on the note, for the reason that there was no proof of a *demand of payment* of the note at the *factory* of the defendant and requested the court to direct the jury, in making up their verdict, to reject the note. The court decided that the evidence was sufficient *to leave the question to the jury*, and delivered their *opinion* to the jury, that the several matters produced and given in evidence on the part of the plaintiff, *constituted a demand of payment* on the note, or excused the omission of a more particular demand, and *were sufficient* for the plaintiff to maintain his action thereon. The defendant excepted to the charge, and the jury found a verdict for the plaintiff for *six cents* damages and *six cents* costs, on which verdict a judgment was entered for the amount found by the jury, and $19,11 costs of increase. The defendant sued out a writ of error.

*G. Marsh*, for plaintiff in error.

*W. Swetland*, for defendant in error.

*By the Court*, SUTHERLAND, J. The only question in this case is whether a *demand* of the candles before suit brought was sufficently proved, no time or place of payment being specified in the note. The case of *Lobdell* v. *Hopkins*, 5 Cowen, 516, shows that it was payable on demand, and that a *special demand* was necessary, at the shop or manufactory of the defendant, the defendant being a manufacturer of candles. Vide Chipman on Contracts, from p. 28 to 49, and the other cases cited in *Lobdell* v. *Hopkins*. The evidence as to the demand was sufficient to be left to the jury, and I am inclined to think it was left to them as a matter of fact; although some of the expressions used by the court might, if disconnected from other parts of the case, seem to intimate that they decid-

NEW-YORK,
May, 1831.

Durkee
v.
Marshall.

ed as a matter of law that a sufficient demand had been made, it is manifest from the whole case that such was not their intention ; they admitted that whether a demand had or had not been made, was *a question of fact for the jury to decide.* The counsel for the defendant, after the evidence was closed, requested the court to instruct the jury that the plaintiff could not recover on the note, on the ground that a sufficient demand had not been made before suit brought. But the bill of exceptions states, " that the court decided that the evidence was sufficient to leave the said question to the jury," and then and there stated their opinion to the jury, that the matters given in evidence shewed a sufficient demand. It is not to be supposed that when the court had in one breath decided that there was evidence enough to go to the jury on the question of demand, that in the very next breath they charged them as a matter of law, that the demand was sufficient. They merely intended to express an opinion upon the weight of evidence ; not to take the question from the jury. In a case like this, involving an amount of only $5, commenced originally before a justice of the peace, where the plaintiff recovered, carried by appeal to the court of common pleas where he again recovered, and now brought into this court by writ of error, nothing but a clear and palpable violation of some rule of law would justify this court in reversing the judgment.

Judgment affirmed.