JAMES Y. CALDWELL, Appellant, *vs.* HIRAM P. KENNISON, Respondent.

### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The Statute (*Stat. of Min., p.* 559, *sec.* 22,) authorizing the Court to "present the facts of the case," does not authorize the Judge to express any opinion upon the facts, so as to influence the jury in their decision; and when, upon the question of a delivery of personal property, the Judge stated in his charge "that he saw nothing in the case that went to show that the delivery from G. to Plaintiff was not valid under the circumstances"—held to be error; and the error was not cured by the qualification of the above "that he only spoke so far as it was within the province of the Court to determine the question."

Points and authorities of Appellant.

I. The Court below trespassed upon the province of the jury in delivering its charge, in the language of the case, folio 52, and the jury would be likely to be misled thereby.

The vendor continued in possession of the property sold, and used it as his own, and offered to trade and traffic with it, and thereby deceived and defrauded others.

It was to all intents a secret sale, only one man being called into a private room to witness the sale; and it was made after suits had been commenced against the vendor on his promissory notes.

There was a trust for the benefit of the vendor, for he possessed and used this property as his proper goods, with the consent of the vendee; and this renders the sale absolutely void.

Extraordinary precautions were taken in making the sale. A witness was called, and informed what was about to be done, and his attention called to money lying on the piano. *Chitty on Contracts, p.* 410.

II. Possession of goods by a vendor after sale is always *prima facie* evidence of fraud; and in this case no proof explaining this fact was offered by the Plaintiff, or either party, and the verdict is against evidence on this ground. *Chitty on Contracts, p.* 411, *and the large number of authorities there cited.*

III. After a case has been tried and submitted to the jury, the Court cannot, without an abuse of discretion, allow an amendment to the pleadings in matter of substance, and still submit the case, without further time to the other party, when such party makes affidavit of prejudice.

Points and authorities of Respondent.

I. The amendment allowed was to supply a technical defect in the complaint, not affecting the merits of the controversy between the parties, as fairly understood.

The amendment and refusal of a continuance was a matter of discretion with the Court, which this Court will not review. *See Public Statutes*, sec. 90, *p.* 543; sec. 94, *p.* 544; *Merriam vs. Langdon*, 10 *Conn.*, 460; *Chirac vs. Reimer*, 11 *Wheat.* 280; *Marine Ins. Co. vs. Hodgson*, 6 *Cranch*, 206; *Stearns vs. Barrett*, 1 *Mason*.

II. The question in the case was substantially whether the sale by Galusha to Kennison of the property in question was fraudulent as to creditors. This of course was a question of fact for the jury, and the Court simply declined to charge that the sale was a *fraud in law*, leaving the question for the jury. *Pub. Stat.*, sec. 4, *p.* 458.

The charge of the Court is to be understood in this connection as applicable to the evidence, and amounted to this, viz. that there was no question of fraud to be determined by the Court, but that the jury must determine that matter.

A mere commentary or explanation of evidence is not subject of review. *Durkee vs. Marshall*, 7 *Wend.*, 312.

SANBORN & LUND, Counsel for Appellant.

H. J. HORN, Counsel for Respondent.

*By the Court.*—FLANDRAU, J., Replevin for a piano. Caldwell was Sheriff of Ramsey county, and had in his hands an execution against one Galusha, upon which he seized the piano in question, as the property of said Galusha. Kennison brings replevin, alleging the piano to be his, under a sale made some time previous to him by Galusha. The question at issue, and upon which the case was tried, was the validity of the sale

from Galusha to Kennison. A good deal of evidence was introduced to cast suspicion upon the sale; one circumstance of which was, that the piano remained in the house of Galusha after the sale, and was used by his wife and guests in the same manner as before; which circumstance was sought to be avoided, by showing that the Plaintiff was a boarder and inmate of the family of Galusha. The delivery of the piano under the sale was therefore a point in litigation, upon which there was conflicting evidence, making it strictly a question for the jury to decide.

The Court, in giving the case to the jury, charged them upon the point of delivery as follows: "That delivery was essential to a valid sale. That to determine whether or not the delivery was valid in this case, they must take all the circumstances under consideration, and that he knew nothing in this case that went to show that the delivery from Galusha to the Plaintiff was not valid under the circumstances, so far as it was within the province of the Court to determine the question."

There is no doubt that the question of delivery was purely one of fact, to be determined by the jury, as the Judge told them, upon a consideration of all the circumstances, and that as such, the Judge had no right to influence their decision of it, by informing them what his views were upon the sufficiency or insufficiency of the delivery. This he did do as clearly as words could express it. He said "he saw nothing in the case that went to show that the delivery from Galusha to the the Plaintiff was not valid under the circumstances." Language could not be more explicit in conveying the idea that his personal views were, that the delivery was good as a fact, and valid in the law. The qualification that he added, that he only spoke "so far as it was within the province of the Court to determine the question," did not in any manner lessen the effect that a declaration of his views upon the question would have upon the jury; but, on the other hand, left the idea upon their minds that to some extent "it was within the province of the Court to determine the question," and to that extent he spoke authoritatively.

In this the Judge erred. The question was one of fact, with

which the Court had nothing to do, and no right to express any opinion upon. The statute upon this subject is as follows: *Pub. Stats.*, *p.* 559, *sec.* 22. "In charging the jury the Court must state to them all matters of law which it thinks necessary for their information in giving their verdict; and if it present the facts of the case, it must also inform the jury that they are the exclusive judges of all questions of fact."

It is quite clear, from the language of this section, that the *decision* of all questions of fact belongs exclusively to the jury, and 'that the words, "if it present the facts of the case," do not authorize the Court to express any opinion upon the facts so as to influence the jury, but merely allows him, if he wishes, to make a statement of what the facts are.

It is well known that on the trial of a litigated question of fact, the jury regard the Judge as the only impartial person connected with the case. They are aware that the counsel are both biased strongly toward the interest they represent. The generally acknowledged experience, integrity and learning of the Judge, and particularly so in the distinguished Judge who presided in this case, lends great weight to his views and opinions with juries, so much so that in many cases of doubt the slightest intimation from him would turn the scale to the one side or the other. In order, therefore, that the jury should be "the exclusive judges of all questions of fact," it is quite important that no extraneous influences should be allowed to reach them, and particularly those of such potential effect as the opinions of the presiding Judge.

The case of *Durkee vs. Marshall*, 7 *Wend.*, 312, cited by the counsel for the Respondent, admits the impropriety of the Court expressing an opinion upon questions of fact, and endeavors to show that the Court did not do so in that case, but only expressed an opinion upon the weight of evidence, which, in my opinion, is quite as objectionable as to give an opinion upon the question of whether the fact is or is not established by the proof, as was done in the case at bar. But the real ground upon which that case went off, is sufficiently manifest in the closing remarks of the Court, in delivering the opinion, to destroy its effect as an authority upon any point, save that the Court that decided it did not wish to be troubled with petty cases. The Judge says:

"In a case like this, involving an amount of only $5, commenced originally before a justice of the peace, where the Plaintiff recovered, carried by appeal to the Court of Common Pleas, where he again recovered, and now brought into this Court by writ of error, nothing but a clear and palpable violation of some rule of law would justify the Court in reversing the judgment."

The Judge erred in his charge to the jury in the respect stated, and the defendant is entitled to a new trial.

The order refusing a new trial is reversed, and a new trial awarded.

*Emmett, Chief Justice, dissents.*