and that the funeral was but incidentally involved in the transaction.

Defendant took a ride up to Grosse Pointe. On his return, while the lady with him was driving, the horse stepped through a defective bridgeway, and received injuries which caused its death.

---

## U. S. District Court.—Eastern District Michigan.

### EX PARTE LANE.

*Habeas Corpus—Amendment—Information and Belief—Judicial Cognizance—Crime "against the Statute."*

Oliver Lane was charged with forgery alleged to have been committed at Rondeau, in the Province of Ontario.

Alexander B. Baxter, of Chatham, Ontario, made complaint on information and belief, before D. J. Davidson, U. S. Extradition Commissioner, at Detroit. Lane was arrested and brought before him and he committed him to the custody of the U. S. Marshal to await the order of the Secretary of State.

Lane sought by a writ of *habeas corpus* and *certiorari* to review the proceedings before the Commissioner.

The Court, BROWN, J.: Held,—1. The interlineation of the word "extradition" by the Commissioner after

the proceedings were closed before him, was an unauthorized amendment, as the general powers of a Commissioner do not embrace the duties of extradition Commissioner, (Rev. Stat. U. S., sec. 5270). The complaint and warrant should show on their face that the Commissioner issuing the same is empowered to act in cases of that description

> Re Farez, 7 Blatchford, 34.
> In re McDonnell, 11 Blatch., 86.
> U. S. vs. Stowell,2 Curtis, 153.

2. The complaint did not charge that the alleged crime was committed within a province within the territorial dominion of Great Britain. But the Court will take judicial cognizance of this fact.

> Peyroux vs Howard, 7. Pet. 324, 342.
> The Appollon, 9 Wheat, 374.

3. The charge is that the offence is "against the statute in such case made and provided." There was no proof before the Commissioner of any statute in Ontario punishing the crime of forgery. But as forgery is a common law offense, the charge that it is "against the statute" may be treated as surplusage.

> 1 Bishop on Criminal Proceedings, sec. 349.

4. The complaint is made upon information and belief. In this it is fatally defective. The statute requires a complaint upon oath, which is not complied with when one swears to the best of his "knowledge, information and belief."

> Ex parte Smith, 3 McLean, 135.
> Washburn vs. People, 10 Mich., 372.
> Smith vs. Luce, 10 Wend., 257.
> Matter vs. Bliss, 7 Hill, 187.
> Proctor vs. Prout, 17 Mich., 473.

It is so in obtaining an injunction.

> Waddell vs. Bruen, 4 Ed. Ch. 672.
> Armstrong vs. Sanford, 4 Minn., 49.

But if one so complaining gives the sources of his information (which is not the case at bar) this might in some cases suffice.

> In re Farez, 7 Blatch., 345.

The prisoner is entitled to his discharge.*

(January, 1881.)

*A. E. Hawes* for Petitioner.

*J. W. Finney*, Asst. U. S. District Attorney, for the Prosecution.

---

## *Recorder's Court, Detroit.*

---

*Judge Brown's opinion in full may be found in 6 Fed. Rep., 34. We intended to publish this with notes citing many authorities relating to questions of extradition, but, as with many other cases, the argument in the Lyons case occupies so much more space than we supposed it would that other matters that follow are necessarily abbreviated.