---

## In re ROTH.

### (District Court, S. D. New York. March 14, 1883.)

1. EXTRADITION—COMPLAINT, WHEN SUFFICIENT.

   In extradition proceedings the complaint is sufficient from which it clearly appears that a treaty offense is meant to be charged. Where the form used in the complaint was that the accused "is charged," and the complaint contains other statements alleging a treaty offense, held sufficient.

2. SAME—TREATY WITH SWISS CONFEDERATION—PRIOR CHARGE—HABEAS CORPUS.

   Under the treaty with the Swiss confederation it is immaterial what prior charges have been made in Switzerland against the accused if the complaint here presented charge a treaty offense; and if the commission of the offense be duly established before the commissioner, he cannot be discharged on *habeas corpus*, though it should appear that a proceeding for a different and less offense, not included in the treaty, had been previously taken against him in Switzerland.

3. DOCUMENTARY PROOFS IN FOREIGN LANGUAGE — CERTIFICATE — ERRORS IN, IMMATERIAL.

   Documentary proofs being in German, and describing proceedings in Switzerland as for "*unterschlagung*," which may mean embezzlement, ("*soustraction*,") or only abuse of trust ("*d'abus de confiance*,") the latter not being a treaty offense, and the certificate to the authentication of the documents stating, in French, that they were for a proceeding "*d'abus de confiance*." *Held*, that the error in the certificate, if it was such, was immaterial, and that it was to be presumed that the requisition for the accused was for a trial upon the treaty offense.

*L. G. Reed,* for F. Roth.

*Condert Brothers,* for Swiss Government.

BROWN, J. The prisoner having been held by Commissioner Osborn for extradition under the treaty with the Swiss confederation, articles 13, 14, (11 St. at Large, 593, 594,) has been brought before me upon *habeas corpus,* and the record of the proceedings under a *certiorari* is also produced. The crime charged is that of embezzlement by Roth, as a public officer, of moneys collected by him as such, from a military tax, in the canton of Berne, Switzerland. The record shows abundant proof of the commission of the offense.

The first objection presented on behalf of the accused is that there was no proper complaint to give the commissioner jurisdiction. Section 5270 of the Revised Statutes requires a complaint to be "made under oath charging any person, etc., with having committed" one of the treaty crimes. It is objected that this complaint does not charge any crime, because the language of the complaint is "that the complainant is informed and believes that one Frederick Roth, etc., is charged with the crime of embezzlement of public funds," etc., without making the charge in direct language. In another part of the complaint it is stated that "the precise amount of the moneys so embezzled and appropriated by the said Roth is not yet ascertained, but, as complainant is informed and believes, it was about 14,000 francs," etc. If the complaint were required to be as precise, technical, and formal as an indictment, it should perhaps be held insufficient; but that is not the case, and there is no reason for applying to it such a rule. It is only necessary that the substance of the offense be clearly set forth, so that the court can see that one or more of the crimes enumerated in the treaty is alleged to have been committed. *In re Farez*, 7 Blatchf. 48; *In re Henrich*, 5 Blatchf. 414, 426. Taking this complaint altogether, it plainly answers this requirement.

The only other objection which it seems to me necessary to notice is that, upon the proofs, the crime with which the accused appears to be charged in Switzerland is not a treaty offense. The proofs submitted to the commissioner were largely documentary, showing proceedings against the accused taken in Berne. These documents, with the proofs attached, are all in the German language, and the offense referred to is throughout described by the word *"unterschlagung;"* the ordinary meaning of which, as testified to before the commissioner, is embezzlement, but which may also mean "fraud" or "breach of trust;" and the facts stated in the documents themselves also show very clearly that the offense was embezzlement of public funds by a public officer, within the language of article 14 of the treaty. The chancellor, however, who certified to the proceedings before the Swiss magistrate, gives his certificate of authentication in the French language, and certifies that the magistrate "was competent to entertain a proceeding of this nature, having for its object *le crime d'abus de confiance* above mentioned." By the French Code, which is in force in Switzerland, there is a crime designated *"d'abus de confiance,"* which is embraced in the chapter pertaining to crimes against private persons only; while the embezzlement of public funds is a different

crime, designated as "*soustractions commises par les depositaires publics*" in the chapter on crimes against the commonwealth. Code Penal, § 406, § 169. In the French text of the treaty between the United States and the Swiss confederation, section 14 provides for the crime of "*soustraction*," etc., but not for the private offense of "*d'abus de confiance*."

It is contended by the counsel for the accused that the certificate affixed to the documentary proof shows that the proceedings in Switzerland are for the private offense of "*d'abus de confiance*," and not for the crime of "*soustraction*," etc.; that, therefore, the accused cannot be extradited for trial of the former, which is not a treaty offense. An examination of the record shows that the use of this phrase in the certificate was either an inadvertence, or else that it was used in its general sense, and not intended as a technical description of the crime with which the accused was charged; for the papers certified to show clearly that the offense was committed by the accused as a public officer, and in the embezzlement of public moneys, and not the abuse of a private trust; nor does the proof of the treaty offense rest upon these certified documents alone; and it would be unreasonable to hold that the effect of these clear proofs in the documents certified to should be controlled by an inadvertence of this kind in the certificate of authentication. Moreover, it is immaterial what the particular charge made in Switzerland is, inasmuch as it is not essential to extradition that there should have been any previous criminal proceedings instituted there as a prerequisite to the institution of extradition proceedings here.

The same objection seems to have been raised and overruled in the *Case of Farez*, 7 Blatchf. 346, and in the *Case of Herman Thomas*, 12 Blatchf. 370, 380. Even if proceedings upon a lower grade of offense had been instituted in Berne, I do not see how that would prevent a subsequent complaint and requisition here for the extradition of the accused upon a higher offense within the treaty, if such an offense were proved, as has been proved in this case. All that the treaty requires is that a requisition be made "in the name of the respective governments, through the medium of their respective diplomatic or consular agents;" and if the commission of the crime be properly established, as has been done in this case, the treaty declares that the accused "shall be delivered up to justice." There is no condition in the treaty requiring any previous criminal charge in Switzerland; nor can the fact—if it be a fact—that a less offense, not covered by the treaty, has been previously charged there, annul

the treaty obligations or justify a refusal to surrender the accused, if a treaty offense is charged and proved upon a subsequent requisition here. In such a case it is to be presumed that new proceedings are designed to be instituted there for the higher offense which is here charged, and for which the accused is claimed.

In the complaint presented to the commissioner in this case the complainant makes oath that he is the consul of the Swiss confederation at this port, duly recognized as such by the president of the United States; and, in conclusion, the complainant, as such consular agent, and "in the name of the Swiss confederation, requests a warrant, etc., for the delivery of said Roth to the authorities of the Swiss confederation, in accordance with the terms of said treaty."

All the conditions of the stipulations of the treaty have, in my opinion, been fully met; and the writ, therefore, should be dismissed, and the prisoner remanded.

See *In re Fowler*, 4 FED. REP. 303; *Ex parte Lane*, 6 FED. REP. 34.