ADEE v. J. L. MOTT IRON WORKS.

(Circuit Court of Appeals, Second Circuit. May 23, 1893.)

PATENTS FOR INVENTIONS—INFRINGEMENT—OVERFLOWS FOR BATHS.

Reissued patent No. 6,739, granted November 16, 1875, to James Foley, for an improvement in wash valves and overflows for basins and baths, which consists in bringing up the standpipe, or outer pipe of the overflow, through the casing or slab contiguous to the basin or bathtub, and securely attaching it to a removable cap resting upon the outside of the casing or slab, is not infringed by the device made under letters patent No. 170,709, to William S. Carr, in which the standpipe is secured by a screw flange resting on the top of the slab, but has no cap covering its upper end, as has the prior patent. 46 Fed. Rep. 77, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

In Equity. Bill by Fred Adee against the J. L. Mott Iron Works for infringement of a patent. The bill was dismissed, (46 Fed. Rep. 77,) and complainant appeals. Affirmed.

A. v. Briesen, for appellant.
Francis Forbes, for appellee.

Before LACOMBE, Circuit Judge, and WHEELER, District Judge.

PER CURIAM. This suit was brought in the circuit court of the southern district of New York for infringement of reissued patent No. 6,739, dated November 16, 1875, and granted to James Foley, upon surrender of original patent No. 153,250, dated July 21, 1874, for an improvement in waste valves and overflows. The alleged infringement consists in the making of the device patented to William S. Carr in No. 170,709, dated December 7, 1875, for an improvement in waste valves and overflows for baths and basins, and in which the device patented to Foley was required by the patent office to be, and was, disclaimed. The bill was dismissed for want of infringement. 46 Fed. Rep. 77. This patent was be-

fore the circuit court of the district of Connecticut, (Wallace, J.,) in Adee v. Peck, 42 Fed. Rep. 497.

The improvement of Foley, as stated by Judge Wallace, consisted in bringing the standpipe of the overflow up through the casing of the bowl or bath, and securely attaching it by a removable cap to the upper side of the casing. The claim was for the standpipe passing through the casing, and receiving at its upper end the removable cap, in combination with the overflow pipe, valve, and means of suspending the overflow pipe and valve from the cap, substantially as set forth. The means of attaching the standpipe to the upper side of the slab described in the original patent was the flange of the removable cap extending outwardly around the standpipe upon the slab. In the reissue this function of the removable cap is omitted from the description, and the removable cap is left to be a cover, only, of the standpipe. The drawings remain the same, but the retention there of the parts omitted from the description does not help the effect of the omission. James v. Campbell, 104 U. S. 356. The removable cap described in the reissue is not one securing the standpipe to the upper side of the slab. In Carr's device the standpipe is so brought up, but is secured by a flange. It is combined with an overflow pipe, valve, and means of suspending the overflow valve and pipe, but not from a cap. It has no cap as a cover of the standpipe. These means of suspension are bayonet fastenings, turning, when raised, between the overflow pipe and the standpipe. This is not the combination of the reissued patent. Carr altered Foley's invention and improved upon it, but did not appropriate it as patented in the reissue. Decree affirmed.