In re BREEN.

(Circuit Court, S. D. New York. March 31, 1896.)

1. EXTRADITION—EVIDENCE—CERTIFICATION BY AMERICAN AMBASSADOR.
   The certificate of the American ambassador to Great Britain that the papers containing the evidence in relation to the commission of the crime by the person held for extradition "are properly and legally authenticated, so as to entitle them to be received in evidence for similar purposes by the tribunals of Great Britain," is in proper form, and the documents are to be received as competent evidence.

2. SAME—PROCEEDINGS BEFORE COMMISSIONER.
   The old doctrine, that proceedings for the extradition of an alien are to be conducted with extreme technicality, has been abandoned. The proceedings before the commissioner are not to be treated as if it were a trial before a petit jury.

3. SAME—EMBEZZLEMENT—EVIDENCE.
   Where the extradition papers show that the party charged received checks for money due a municipality, and deposited them in bank to the credit of the corporation, but that he accounted for only a part thereof, this is sufficient proof of embezzlement to warrant delivering him up, and it is immaterial whether the amount unaccounted for, as testified to, was greater or less than the amount charged.

This was an application by David Breen, who is held for extradition to Great Britain, for a writ of habeas corpus.

Joseph L. Keane, for petitioner.
Chas. Fox, for the British government.

LACOMBE, Circuit Judge. The certificate of the American ambassador that the papers "are properly and legally authenticated, so as to entitle them to be received in evidence for similar purposes by the tribunals of Great Britain," is in proper form.

The only other question left is whether, accepting the documents as competent evidence, there was proof before the commissioner tending to show that the prisoner had been guilty of the offense of embezzlement within the meaning of the treaty. Such proof there undoubtedly was. Persons in a position to know testified that he received checks from a Mr. Begg for money due as market rent to the corporation of the city of Dublin; that those checks, indorsed by him, either with his full name or his initials, were deposited in bank to the credit of the corporation; that the total deposits so made by him, including these checks, aggregated some £5,102, but that the amount he received for market rent, exclusive of the Begg checks was also £5,102, and that for £5,102 only did he account. Whether the amount thus unaccounted for, as testified to, was greater or less than the amount charged, is immaterial.

The old doctrine, that proceedings for the extradition of an alien are to be conducted with extreme technicality, has long since been abandoned. The investigation before the commissioner is not to be treated as if it were a trial before a petit jury.

Writ dismissed, and prisoner remanded.