Ex parte STERNAMAN.

(District Court, N. D. New York. December 24, 1896.)

EXTRADITION—SUFFICIENCY OF COMPLAINT TO WARRANT ARREST.
　　A complaint, on oath by a duly-authorized officer of Canada, alleged that S. had been charged before a justice of the peace of Canada with murder there committed, and a warrant issued for her arrest, the original warrant being attached to the complaint, and that the officer believed the charge as stated in the warrant to be true. *Held* sufficient to give the commissioner jurisdiction to issue a warrant for the arrest of S.

On habeas corpus and certiorari to review action of Commissioner Joseph L. Fairchild in holding the petitioner for extradition to Canada on the charge of murder.

Frank C. Ferguson and Wallace Thayer, for petitioner.

W. F. Mackey, Asst. U. S. Atty., and Charles J. Thomas, opposed.

COXE, District Judge. Two questions were presented upon the oral argument. First. Did the complaint presented to the commissioner confer upon him jurisdiction to issue the warrant of arrest? Second. Did the evidence presented justify the commissioner in holding the petitioner for extradition?

The second of these questions was disposed of at the argument, the court being of the opinion that the commissioner was right in his conclusion that the facts should be submitted to a grand jury. The question of jurisdiction was reserved to enable counsel for the prosecution to present authorities. A great mass of testimony was taken by the commissioner, no objection to the complaint being raised before him. The commissioner having held the petitioner upon the merits and the court being of the opinion that his action in this regard was clearly right, it was suggested at the argument that a ruling in her favor upon the jurisdictional question would not avail the petitioner, but would result in a new warrant being issued based upon the ample proof now before the commissioner. It was thought that such a result would be productive of expense, delay and annoyance to all concerned without any apparent advantage to the petitioner.

There is no pretense that she has been misled in any way, or that the proceedings would have taken a different course if the complaint had been drawn to obviate all of the objections now advanced. So far as appears the examination was absolutely fair to the petitioner, every opportunity to develop her defense being accorded her. The court should not at this late day make a ruling which will render nugatory this long and arduous investigation and compel the evidence to be taken de novo, without being convinced that the complaint is fatally defective. It is, however, the undoubted right of counsel for the petitioner to have a ruling upon this question also. The statute (section 5270, Rev. St.) and the treaty with Great Britain both provide for a complaint made under oath charging the person to be extradited with having committed within the foreign jurisdiction one of the crimes enumerated "to the end that the evidence of criminality may be heard and considered."

The complaint should set forth clearly and briefly the offense charged. It need not be drawn with the formal precision of an indictment. If it be sufficiently explicit to inform the accused person of the precise nature of the charge against him it is sufficient. The extreme technicality with which these proceedings were formerly conducted has given place to a more liberal practice, the object being to reach a correct decision upon the main question—is there reasonable cause to believe that a crime has

been committed? The complaint may, in some instances, be upon information and belief. The exigencies may be such that the criminal may escape punishment unless he is promptly apprehended by the representatives of the country whose law he has violated. From the very nature of the case it may often happen that such representative can have no personal knowledge of the crime. If the offense be one of the treaty crimes and if it be stated clearly and explicitly so that the accused knows exactly what the charge is, the complaint is sufficient to authorize the commissioner to act. The foregoing propositions are, it is thought, sustained by the following authorities: In re Farez, 7 Blatchf. 345, Fed. Cas. No. 4,645; In re Roth, 15 Fed. 506; In re Henrich, 5 Blatchf. 414, Fed. Cas. No. 6,369; Ex parte Van Hoven, 4 Dill. 415, Fed. Cas. No. 16,859; In re Breen, 73 Fed. 458; Ex parte Lane, 6 Fed. 34; In re Herres, 33 Fed. 165; Castro v. De Uriarte, 16 Fed. 93; In re Macdonnell, 11 Blatchf. 79, Fed. Cas. No. 8,771.

That the complaint shows evidences of having been hastily drawn, that it is inartistic from the point of view of the accomplished technical pleader and that it might be more ample and exact, may as well be conceded. The warrant issued by the Canadian justice of the peace must be regarded as a part of the complaint. The original was produced before the commissioner, marked as an exhibit and attached to the complaint. The following facts, sworn to positively, were then presented to the commissioner: First. That John Wilson Murray resides in Toronto, Canada, is chief inspector of the criminal investigation department of Ontario and is a duly-authorized agent of Canada to make the complaint against Olive A. Sternaman. Second. That on the 27th of October, 1896 (the date is incorrectly stated in the complaint as August 13th, but no point is made of this mistake), at Rainham, Haldimand county, Ontario, the said Sternaman was charged, upon oath, before William Parker, a justice of the peace for said county, "for that she did kill and murder one George W. Sternaman." Third. That a warrant was duly issued for the arrest of said Sternaman by said Parker. Fourth. That the warrant on its face shows that it was issued upon complaint made upon oath before said Parker, charging said Sternaman with having killed and murdered George W. Sternaman at Rainham on the 13th day of August, 1896. Fifth. That said warrant commands all constables in said county of Haldimand to apprehend the said Sternaman and bring her before a justice to answer the said charge. Sixth. That said Sternaman is a fugitive from justice and is in the city of Buffalo. Seventh. That said John Wilson Murray verily believes the charge that said Sternaman murdered George W. Sternaman at Rainham on the 13th day of August, 1896, to be true.

Each of the foregoing propositions except the seventh is a statement of fact. The seventh is a statement of belief on the part of the complainant that the charge of murder is true. The complaint is criticised as being on information and belief because of this last averment. The commissioner had before him

an official having undisputed authority to demand the extradition of fugitives from justice. He was told by this official under oath that one Olive A. Sternaman, a fugitive, charged with having committed a murder in Canada, was then in Buffalo; that she had been charged with murder upon oath before the Canadian authorities and that a warrant was out for her apprehension,—the original warrant being shown the commissioner. Lastly, the commissioner had the oath of the chief inspector of criminal investigation of Ontario that he believed the charge of murder as stated in the warrant to be true. Was not this sufficient to put the commissioner's machinery in motion? Would he have been justified in declining to issue the warrant until the evidence which was to sustain the charge was adduced before him? If so, the usefulness of extradition as a practical factor in the punishment of crime will cease. While the commissioner is preparing the evidence the defendant will be preparing his escape. That the petitioner was fully informed of the charge against her is beyond dispute. She appeared with counsel and the long investigation was concluded without objection that the complaint failed in particularity. The case of In re Adutt, 55 Fed. 376, is authority for the proposition that in such cases the commissioner may, upon objection by the defendant, make the complaint more definite and certain. "That is," says the court, "a matter for the commissioner acting within his jurisdiction, and not a matter going to the jurisdiction of the commissioner to entertain the complaint."

The evidence against the petitioner is almost wholly circumstantial. From the very nature of the case no one, much less the Toronto inspector, could swear positively that murder was committed by her. What more could the inspector say than that he believed that she had committed the murder? He might have pleaded the evidence but such pleading is condemned in criminal and civil actions alike. Conceding the want of particularity, what fact was omitted, relating to the charge against the petitioner, which the complainant or any one else could have truthfully supplied? The chemist who made the analysis at Toronto could have sworn to the presence of arsenic in the stomach of the deceased, but he could not have sworn to a complaint positively charging murder based upon that fact alone. If the complaint be carefully analyzed it will be found, I think, that the officer authorized to conduct the proceedings placed before the commissioner facts sufficient to warrant action upon his part. The facts are stated positively; the conviction that the petitioner committed the murder is stated on belief.

The writ is dismissed.