## UNITED STATES v. STECK et al.

### Petition of SKASIK.

District Court, W. D. Pennsylvania. April 29, 1927.

### No. 2371.

1. **Arrest** ⬤=63(4)—**Arrest of defendant held not justified merely because he was near house from which odors accompanying distillation of liquor were coming.**

Arrest of defendant near house from which odors accompanying distillation of liquor were coming *held* not justified, where officers had not actually seen nor known of commission of crime by defendant.

2. **Arrest** ⬤=71—**Officers serving proper warrant of arrest on person in home may search his person and house.**

Officers serving proper warrant of arrest on person in his home are entitled to make search of his person, and to limited extent his house.

3. **Arrest** ⬤=71—**Criminal law** ⬤=394—**Forced entry into defendant's house without warrant, after arrest on premises, held illegal, and evidence found inadmissible.**

Forced entry into defendant's house without warrant, after arrest on premises, *held* violation of defendant's constitutional rights, so that evidence found was inadmissible in prosecution for violating liquor law, since officers making arrest at place other than defendant's home cannot thereafter enter and search home.

Thomas Steck and others were accused of violating the National Prohibition Act. On petition by defendant August Skasik,

Sr., to suppress certain evidence, alleged to have been obtained by means of an unlawful search and seizure. Petition granted.

George Wasser, of Pittsburgh, Pa., for petitioner.

John D. Meyer, U. S. Atty, of Pittsburgh, Pa.

GIBSON, District Judge. August Skasik, one of the above-named defendants, has filed his petition in this court, wherein he prays the court, in effect, to suppress certain evidence which he alleges was obtained against him by means of an unlawful search and seizure. Upon hearing, some conflict existed between the testimony of the petitioner and that submitted on behalf of the respondent. The petitioner alleges that he lived in a house in Allepo township, Allegheny county, this state; that on September 11, 1926, prohibition agents, after he had driven up to his house, but before he had entered it, arrested him and forced their way into his house, where they found a still, certain moonshine whisky, and the ordinary utensils connected with the manufacture of whisky. The prohibition agents, on the other hand, allege that their attention was attracted to the house by the ordinary odors incident to the distillation of whisky, as well as by complaint; that during their watch the defendant came out of the house, and thereupon they arrested him. They admit they had no search warrant or warrant of arrest, but allege that petitioner was taken into custody for an offense committed in their presence, and that their entry into the house was merely incidental to the arrest.

The testimony satisfies us that the house in which the seizure was made, although in appearance a dwelling house, was not occupied as a residence by the petitioner and his family, but was used to house the still. It is plain from the evidence that the prohibition officers, prior to their arrest of the defendant, had no right to enter the house. It is questionable, in view of the appearance of the building as a dwelling house, if they had sufficient evidence to form the basis of a search warrant. The exact nature of the use of the building was apparent only after entry. If the search is to be justified, it must be upon the ground that the entry of the building was a lawful incident of a legal arrest of the petitioner.

[1] A consideration of the testimony has convinced us that the proper foundation for the course of the officers did not exist. They had, by reason of the odors accompanying the distillation, a strong reason to believe that the prohibition law was being violated; but, up to the time of the arrest, they had not actually seen, nor known, of the commission of a crime on the part of the individual defendant arrested. Such being the case, the arrest without warrant was not legally justified.

[2, 3] Even if we were to hold the arrest justified, that finding would not be sufficient, in itself, to justify the subsequent entry. It is quite true that officers serving a proper warrant upon a person in his home are entitled to make a search of his person, and to a limited extent his house; but it is equally true that officers making an arrest at a place other than the home are not entitled thereafter to enter and search the home. Although the present case, if we accept the testimony of the officers, might be held to be near the border line, by reason of the fact that the arrest was made upon the petitioner's premises, although not within the house, it nevertheless seems to us that their forced entry, being unnecessary to secure the arrest, was a violation of the petitioner's constitutional rights.

Being of the opinion that the arrest itself was not lawful, the entry is the more incapable of justification. It is with great regret that we feel ourselves compelled to grant the petition and make an order for the suppression of the evidence obtained through the search of the officers, as the evidence here indicates very strongly that the defendant was engaged in the unlawful manufacture of intoxicating liquor. However, as between a possible miscarriage of justice in an individual case and the maintenance and upholding of a great constitutional principle and safeguard, there can be no choice.