## UNITED STATES v. McCUNN et al.

District Court, S. D. New York.
April 18, 1930.

See, also, 36 F.(2d) 52; 38 F.(2d) 246.

Charles H. Tuttle and Arthur H. Schwartz, both of New York City, for the United States.

M. Michael Edelstein, of New York City, for defendant McCunn.

J. Edward Lumbard, Jr., of New York City, for defendants Collins and Maloney.

BONDY, District Judge.

This is a motion by the defendants McCunn and Collins for an order directing the United States attorney to return to the defendants property alleged to have been wrongfully seized and for an order suppressing the use thereof as evidence against them.

The search and seizure were made without a search warrant, and therefore can be sustained, if at all, only if made as an incident of a lawful arrest, or if made with the consent of the defendants.

The defendant Collins was arrested on the second floor of a loft building under a warrant which was issued upon a complaint, all the allegations of which were made on information and belief by a special prohibition agent. The complaint states: "The sources of your deponent's information and the grounds for his belief are official investigations made by your deponent in his official capacity."

In affidavits subsequently submitted in opposition to this motion, the special agent alleged that he received the information from official communications from his superiors and various papers giving summarized and detailed reports from informers "whose names and identity for reasons of public policy and public safety it is impossible to disclose." He also alleged that he was not at liberty to disclose the names of his informers and the sources of his information, because it would cause injury to the units of the government engaged in the investigation of vio-

lations of the law, and that the ability of the government to procure information has always been aided by the protection given to the sources of information and the persons who have given the same, and that under Regulations of the Treasury Department he was forbidden to reveal any confidential information without the consent of the Secretary of the Treasury.

It is apparent that, on the facts presented by the complaint, the special prohibition agent, and not the committing magistrate, nor even a prosecuting attorney, acted as the absolute judge of the sufficiency of the information on which the probable cause for the belief in the guilt of the accused was based.

Mr. Justice Bradley of the United States Supreme Court, sitting as a Circuit Judge in Georgia, said: "It is plain from this fundamental enunciation, as well as from the books of authority on criminal matters in the common law, that the probable cause referred to, and which must be supported by oath or affirmation, must be submitted to the committing magistrate himself, and not merely to an official accuser, so that he, the magistrate, may exercise his own judgment on the sufficiency of the ground for believing the accused person guilty; and this ground must amount to a probable cause of belief or suspicion of the party's guilt. In other words, the magistrate ought to have before him the oath of the real accuser, presented either in the form of an affidavit or taken down by himself on a personal examination, exhibiting the facts on which the charge is based, and on which the belief or suspicion of guilt is founded." In re Rule of Court (1877 N. D. of Ga.) 20 Fed. Cas. page 1336, No. 12126, quoted in United States v. Tureaud (C. C.) 20 F. 621, 623. See also U. S. v. Maresca (D. C.) 266 F. 713, 725; Ex parte Lane (D. C.) 6 F. 34; In re Rosenwasser Bros. (D. C.) 254 F. 171, 173; U. S. v. Michalski (D. C.) 265 F. 839, 841.

To enable a committing magistrate to determine whether there is probable cause for the issuance of a warrant, the sources of the information and the grounds of the belief must be stated with sufficient definiteness to enable him to determine whether a warrant should issue.

The warrant accordingly was issued without the establishment of probable cause, and the arrest and the search and seizure incidental thereto must be held to be illegal.

The alleged consent given by Collins, who told the special government agents that there was liquor on the fourth floor, and that the elevatorman would take them through the building, after Collins was arrested, after he was told that he could not consult an attorney, and after he was told, "You can be nasty if you want to, but if you want to be decent, all right," while confronted by a number of government agents, cannot be considered a voluntary consent authorizing a search of all floors of a large loft building and the seizure of property in lofts on separate floors without a search warrant.

Nor can the search of a separate loft on the fourth floor of a loft building be considered an incident of an arrest made on the second floor, even if made under a warrant of arrest lawfully issued [see Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; U. S. v. Steck (D. C.) 19 F.(2d) 161], nor can a search be justified as an incident of an arrest of others if made before arrest, or if the attempted arrest was not made [U. S. v. Vallos (D. C.) 17 F.(2d) 390; U. S. v. Swan (D. C.) 15 F.(2d) 598], especially in the absence of evidence that there was reasonable ground to believe any other persons named in the warrant would be found on the premises. When the chief object of entering premises is for the purpose of search rather than arrest, the search cannot be justified as an incident of a lawful arrest. Henderson v. U. S. (C. C. A.) 12 F.(2d) 528, 51 A. L. R. 420.

The mere fact that the defendants allowed a former trial to proceed without objection to the introduction of wrongfully seized property as evidence does not constitute an estoppel or a waiver of their right to have the same excluded on a retrial.

Objections to the introduction of evidence because unlawfully obtained, when a motion to suppress it could have been made before trial, are overruled in order to avoid the raising of collateral issue at trial. Segurola v. United States, 275 U. S. 106, 48 S. Ct. 77, 72 L. Ed. 186. This reason does not affect the right to move to exclude after a mistrial has been declared and before a new trial has been begun.

The motion to suppress the evidence accordingly is granted, and the United States attorney is directed to return seized property in his possession or under his control.