[Civ. No. 484. Second Appellate District.—September 10, 1908.]

W. P. GISSKE, Respondent, v. ERASTUS SANDERS, Appellant.

ACTION FOR FALSE IMPRISONMENT AGAINST POLICE OFFICER—FINDING AGAINST EVIDENCE—APPEAL.—*Held,* upon appeal in an action against a police officer for false imprisonment, in which the findings and judgment were for the plaintiff upon trial by the court, that there is no evidence in the record to sustain the finding that the plaintiff was in fact unlawfully restrained of his liberty by the defendant, but that the uncontradicted evidence shows, on the contrary,

that all that the police officer did was in the lawful exercise of the authority conferred upon him as such officer.

ID.—AUTHORITY OF POLICE OFFICER—SUSPICIOUS CIRCUMSTANCES—INQUIRY AS TO IDENTITY—REFUSAL OF PLAINTIFF TO ANSWER—SEARCH FOR WEAPONS.—When the plaintiff was found by the police officer at a late hour of the night in a vicinity where he had been specially ordered to search for a suspicious character, and where previous crimes had been committed, he had authority to inquire as to his identity and business, and it was the duty of the defendant to answer him, knowing him to be a police officer in uniform, and when he refused to answer, the officer properly proposed to take him to the police station, if he persisted in such refusal, and had the right to search him for any concealed weapons.

ID.—WAIVER BY PLAINTIFF OF FORMAL ARREST.—The plaintiff waived a formal arrest by the police officer, by his voluntary action in urging the officer to come along with him and go to the police station, at which he arrived in company with the officer.

ID.—REPORT BY OFFICER TO SERGEANT—END OF DUTY—IRRESPONSIBILITY FOR ORDER OF SERGEANT FOR IMPRISONMENT.—The duty of the police officer was at an end when he reported to the police sergeant where the plaintiff was found, and his refusal to answer. He could not be held responsible for the action of the sergeant in taking plaintiff into custody, and ordering him imprisoned until further investigation should be made. The sergeant was alone responsible for such imprisonment.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Leslie R. Hewitt, City Attorney, and John W. Shenk, Deputy City Attorney, for Appellant.

Wm. T. Blakely, for Respondent.

ALLEN, P. J.—Action for false imprisonment. Trial by the court without a jury. Findings and judgment for plaintiff. Defendant appeals therefrom, and from an order denying a new trial.

The primary question for determination upon this appeal is whether or not there is any evidence in the record to support the finding that plaintiff was in fact unlawfully restrained of his liberty by defendant. The uncontradicted evi-

dence is, that shortly before September 24, 1906, both a bur-
glary and a highway robbery had been committed in the vicin-
ity of Figueroa street and Sunset boulevard, in the city of Los
Angeles; that on that date, about 11 o'clock P. M., defend-
ant, a regular police officer, was notified that a suspicious char-
acter was in that vicinity, and was directed to repair to that
point and investigate, which he did, and there found plain-
tiff, who was quietly walking along the street on his way
home from a public entertainment. Defendant, who was in
uniform and known by the plaintiff to be an officer, accosted
plaintiff with an inquiry as to where he was going and where
he lived, which questions plaintiff answered, and, in addition,
questioned the right of the officer to make such inquiry. The
officer then asked him: "Why are you hanging around here?
What is your business anyway?" The plaintiff replied: "I
don't know if you got a right to question me that way for
walking on the street—for walking home." The officer re-
plied: "If you don't want to answer I will take you down to
the station." The plaintiff then said: "All right; just go
down there; I like to find out down there if you got a right
to talk to me this way." The officer again asked him: "Don't
you want to answer me any more?" Plaintiff said: "No;
let's go down to the station"; and thereupon plaintiff and
defendant walked to the police station. On the way down
defendant searched plaintiff to see if he had any concealed
weapons on his person. The conversation heretofore given
is that narrated by plaintiff. Defendant, however, testified,
and it is not denied, that the officer asked plaintiff to give
his name, which he refused to do, and plaintiff, when asked
by the court to state why he did not tell the officer who he
was, evaded the question; and, further, that defendant offered
to walk with plaintiff to the place given as his residence,
which offer he declined, saying that he could go home alone.
Upon the arrival at the station defendant said to the sergeant
in charge of the station: "Here is a man I took on Sunset
boulevard. He refuses to answer me." The sergeant there-
upon took plaintiff's name and searched his person; took
from him his money and personal property and confined him
in jail with other prisoners until the following morning, when
he was released. The sergeant refused plaintiff's request

that his wife be notified, and the jailer refused a like request and threatened him if he did not keep quiet.

One of the regulations of the police department, adopted by authority of the city charter, and which was in evidence, provides: "When a prisoner is brought to the station the officer in charge will inquire into the particulars of the case, and if, after consultation with the officer making the arrest, he is satisfied there is not sufficient cause for arrest, he may allow the prisoner to go, and shall report the same, with the facts in the case, to his captain."

"Section Four. When a prisoner is brought to the station and the officer in charge is satisfied there is sufficient cause to hold him, the desk sergeant shall make the proper entry on the blotter, search the prisoner, take charge of any money or valuables found on his person, together with any weapons or dangerous instruments, carefully marking such property with the prisoner's name and the date," etc.

While it is evident that the officer intended to arrest and deprive plaintiff of his liberty in the event that his answers proved unsatisfactory, still the action and requests of the plaintiff obviated the necessity of a formal arrest. He urged the officer to accompany him to the station, and the officer did nothing which the plaintiff did not desire, except the examination of his person to see if he carried concealed weapons. This, however, was a precaution which the officer might well take under the circumstances of the meeting and the conduct of the plaintiff, whether plaintiff was under arrest or not. In addition to this, were a formal arrest established, yet its unlawful character is not disclosed. If it be the law that a police officer acting upon reasonable grounds in making an arrest, even without a warrant, is liable should the arrest be subsequently shown to be improper, it were idle to maintain a police force in the large cities. The duty of every good citizen is, when called upon, to give all information in his power to the proper officers of the law as to persons connected with crime (*Miller* v. *Fano*, 134 Cal. 106, [66 Pac. 183]); and this should be held to require that all proper information be given upon request of a personal nature, as affecting the one of whom inquiry is made, when the circumstances are such as to warrant an officer in making inquiry. A police officer has a right to make inquiry in a proper manner of anyone upon the public streets at a late hour as to his identity and the

occasion of his presence, if the surroundings are such as to indicate to a reasonable man that the public safety demands such identification. The fact that crimes had recently been committed in that neighborhood; that plaintiff at a late hour was found in the locality; that he refused to answer proper questions establishing his identity, were circumstances which should lead a reasonable officer to require his presence at the station, where the sergeant in charge might make more minute and careful inquiry. The plaintiff having volunteered to accompany the officer to the station, the subsequent acts of that officer's superior in and about the incarceration of plaintiff were matters over which the defendant had no control. Under the regulations, when an officer presents a prisoner at the station his authority and control of such prisoner there ends. The officer can neither incarcerate him nor discharge him, and the mere fact of his bringing a person to the station is not of itself sufficient excuse for incarceration. The regulation requires the sergeant then to assume the responsibility and to make an independent investigation, and to determine whether or not the person so presented should be confined or released. The rule as to the responsibility of the arresting officer is otherwise where he has authority to and does direct the confinement of the prisoner, or where confinement is the direct result of the arrest. We are of opinion, therefore, that the uncontradicted evidence in this case shows that defendant did not unlawfully deprive plaintiff of his liberty, but, on the contrary, all that he did was in the lawful exercise of the authority conferred upon him as such officer; and that there is no evidence in the record to support the finding referred to.

Judgment and order reversed and cause remanded.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 9, 1908.