## HERNANDEZ v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 31, 1927.)

No. 4907.

Arrest ⚛63(4)—Criminal law ⚛395—Arrest without warrant held without probable cause, and drugs found on search of his person inadmissible.

That officers, who knew nothing of defendant or his prior conduct, saw him come from the rear door of a house, where it was suspected that narcotics were sold, in company with a woman who was suspected of being a narcotic dealer, and that as they walked down the street they looked around in what the officers thought was a suspicious manner, did not constitute probable cause, so as to warrant his arrest without a warrant, relative to admission in evidence against him of the narcotics found on search of person after such arrest of him, though he was arrested in the commission of a felony; the officers not being apprised of that fact or having reasonable ground to believe it.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Miguel Hernandez was convicted of violation of the Narcotic Acts, and he brings error. Reversed and remanded.

Kenneth C. Gillis, of Oakland, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

GILBERT, Circuit Judge. The plaintiff in error was sentenced to imprisonment for a term of ten years upon his conviction had under two counts of an indictment, charging him, respectively, with violation of the Harrison Narcotic Act and the Jones-Miller Narcotic Act. Upon the writ of error the single question is presented whether the evidence obtained upon the search of the person of the defendant should have been excluded, timely application having been made for its return. The defendant was arrested without a warrant. Federal narcotic agents were watching a house at which it was believed narcotics had been sold. They saw the defendant coming from the rear of the house, accompanied by a woman, who was a narcotic peddler, and saw them proceeding down the street, looking around in different directions "in a rather suspicious way." They arrested both the defendant and the woman. They found no narcotic on the woman, but, on searching the defendant, they found morphine in his overcoat pocket. The admissibility of evidence so obtained depends upon the question whether there was probable cause for the arrest. The generally accepted rule is thus expressed in 2 R. C. L. 451: "Probable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty." The officers who made the arrest knew nothing whatever of the defendant or his prior conduct. The fact that he was seen coming from a suspected house in company with a suspected woman, and that he and the woman were walking down the street looking around in what the officers thought was a suspicious manner, whatever that may have meant, constituted all of the evidence of probable cause. It falls far short, we think, of presenting reasonable grounds of suspicion, supported by facts which would warrant a cautious man in believing that the defendant had committed a felony. At most, the circumstances were sufficient to create only a suspicion, and suspicious circumstances, it has been repeatedly held, do not constitute probable cause. It is true that the defendant was arrested in the commission of a felony, as was subsequently developed, but the officers were not apprised of that fact, by their senses or otherwise, and they had no reasonable ground to believe it. Brown v. United States (C. C. A.) 4 F.(2d) 246.

The judgment is reversed, and the cause is remanded for further proceedings.