WYNNE, Sup'r of Permits, et al., v. HARRISON BEVERAGE CO., Inc.

No. 4855.

Circuit Court of Appeals, Third Circuit.

Aug. 5, 1932.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Richard H. Woolsey and Edward C. Dougherty, both of Philadelphia, Pa., for appellants.

Harold Simandl, of Newark, N. J., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

The matter of a 1931 permit in the Harrison Beverage Company Case (C. C. A.) 59 F.(2d) 734 (No. 115 on the List), becoming moot, we dismissed the appeal without qualification. That dismissal left the judgment below intact. That judgment was dispositive not only of the questions there decided, but of the facts on which they were decided. Those facts, we understand on the appellants' concession, are the sole facts in the case on this appeal, being No. 4855 (No. 116 on the List), concerning a 1932 permit. That being true, then under the law, particularly as stated in Interboro Beverage Corporation v. Doran (C. C. A.) 52 F.(2d) 35, 36, the first decree amounts to a judgment of estoppel on the facts. It follows that facts in that case cannot be reconsidered in disposing of this case.

We are therefore constrained, under the cases, to affirm the decree for want of new evidence to show that the court was wrong.

STROGAN v. UNITED STATES (two cases).

Nos. 4798, 4799.

Circuit Court of Appeals, Third Circuit.

Aug. 5, 1932.

F. M. P. Pearse, of Newark, N. J., for appellant.

Phillip Forman, U. S. Atty., and John W. Griggs, Asst. U. S. Atty., both of Trenton, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

PER CURIAM.

In these two cases against the same defendant we find no error. Accordingly, they are affirmed. In each case he was driving a truck load of unlabeled beer of unlawful alcoholic content. In the first case he was stopped by a state trooper for high speeding, and the trooper, on looking into his open truck, discovered the barrels.

In the second case the defendant drove a truck which was recognized as having been at a beer drop. He stopped at the cellar entrance of a building which had the appearance of an old-time saloon and went around to its rear door. As he moved away he was whistled to to stop, and on inquiry admitted he had on board the twenty unlabeled barrels of beer found therein.

In neither case was there any concert of action or understanding by the state and federal officers, and no unlawful search or seizure was shown.