## PEARSON v. UNITED STATES.

### No. 3122.

Circuit Court of Appeals, Tenth Circuit.

June 21, 1945.

Kelly Brown, of Muskogee, Okl. (R. M. Mountcastle, of Muskogee, Okl., on the brief), for appellant.

Marvin Shilling, Asst. U. S. Atty., of Muskogee, Okl. (Cleon A. Summers, U. S. Atty., of Muskogee, Okl., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

---

HUXMAN, Circuit Judge.

This is a proceeding to confiscate and forfeit an automobile seized by agents of the Alcohol Tax Unit. The judgment of the court below forfeited the automobile to the United States, and the owner thereof has appealed. The decision turns upon whether the search and seizure of the automobile without a search warrant was lawful and whether the evidence obtained as a result thereof was properly admitted. The facts are these:

On the day of the search, Roy B. Mogridge and Ernest H. Evans, two investigators for the Alcohol Tax Unit, were in the city of Fort Smith, Arkansas. They observed a 1941 Chevrolet automobile bearing an Oklahoma license tag, parked in front of the Bell Liquor Store. They saw George Anderson Pearson, the appellant, and one Edwards, come out of the store, enter the car, and drive away in the direction of Oklahoma. The officers recognized Edwards as a "bootlegger" but at the time thought his name was Slim Payne, whom they also knew as a bootlegger. They did not investigate the records at this store to ascertain whether any liquor had been sold to these parties. They did investigate several other liquor stores in Fort Smith and ascertained that liquor had been sold to someone driving an Oklahoma car. They thereupon took up a position on the highway across the state line in Oklahoma and when appellant and Edwards came along, they stopped the automobile, searched it, and found some intoxicating liquor in the car. The only evidence offered at the trial was the liquor found as a result of this search. A motion to suppress the evidence was overruled.

The right of the people to be secure in their homes and possessions against unreasonable searches and seizures is a fundamental right guaranteed by the Constitution of the United States. It is a right grounded in the traditions of English jurisprudence. It goes back many years prior to the foundation of our government and the adoption of our Constitution. The Fourth Amendment to the United States Constitution provides that: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause supported by Oath or affirmation * * *." This means that before an officer may search one's premises or seize one's property he must have a search and seizure warrant.

■ There is one well recognized exception to the general rule. An officer in the legal discharge of his duty may institute a search and may seize property without a search or seizure warrant if he has probable cause to believe that the law is being violated. No general rule can be laid down as to what constitutes probable cause. It must in the end depend upon the offense, the premises, or character of the property to be searched, as well as upon many other facts, circumstances and conditions. Thus, what would constitute probable cause justifying the search of an automobile might be wholly insufficient to authorize the search of one's dwelling place, his castle.

In Stacey v. Emery, 97 U.S. 642, 645, 24 L.Ed. 1035, it was held that if the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense has been committed, it is sufficient. In Commonwealth v. Carey, 12 Cush., Mass., 246, it was held sufficient if the officer suspected one, on his own knowledge of facts, or on facts communicated to him by others, of violating the law. In Director General v. Kastenbaum, 263 U.S. 25, 44 S.Ct. 52, 53, 68 L.Ed. 146, the Supreme Court said: "But, as we have seen, good faith is not enough to constitute probable cause. That faith must be grounded on facts within knowledge of the Director General's agent, which in the judgment of the court would make his faith reasonable."

In Carroll v. United States, 276 U.S. 132, 149, 45 S.Ct. 280, 283, 69 L.Ed. 543, 39 A.L.R. 790, the Supreme Court stated the rule applicable to the search of an automobile as follows: "On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid."

■ This all adds up to the conclusion that probable cause justifying a search without a warrant exists where the facts or reasonable inferences deductible therefrom should lead a reasonably prudent and intelligent person to conclude that there is

good ground to believe that the law is being violated.

What, then, are the facts in this case from which probable cause must be found? They can be briefly stated as follows: Two agents of the Alcohol Tax Unit saw an Oklahoma car parked in front of a liquor store in Fort Smith, Arkansas. They saw two men—one of whom they recognized as a bootlegger, although they mistook his identity—come out of the liquor store, enter the car and drive away. Later they saw this same car drive along the highway in Oklahoma. Is this sufficient to constitute probable cause to justify them in believing that the car was being used in the illegal transportation of liquor into Oklahoma? We think not. These parties were carrying no packages when they came out of the store and entered the car. They were not acting in any suspicious manner. They were conducting themselves as ordinary, law-abiding citizens. The car was being operated in a usual, ordinary and careful manner at the time it was observed by the agents, as far as the record reveals. The agents did not even check this store to see if these parties had purchased any liquor there that day. True, they checked some other liquor stores and ascertained that some liquor had been sold to persons driving an Oklahoma car, but the car was not identified nor connected with the car of the appellant. We take judicial notice that Fort Smith is only a short distance across the state line in Arkansas. It is too much to assume that this was the only Oklahoma car in Fort Smith on this day or that only one purchase of liquor was made on that day, and that it therefore must have been made by appellant and his companion. While appellant's car was parked in front of a liquor store, no inference of law violation may be drawn therefrom because it was parked in a regular parking place on a public street.

If the facts in this case permit the legal conclusion that there was probable cause to believe that appellant was transporting liquor into Oklahoma in violation of the federal law, it must be drawn from the fact that his companion had the reputation of being a bootlegger. If that is sufficient, then any time an agent for the Alcohol Tax Unit sees a known bootlegger come out of a liquor store, enter a car and drive across a state line into dry territory, he is justified in stopping him and searching him and his car, without a warrant.

It is our conclusion that there is complete failure of proof to establish such probable cause as would justify a search of this car at the place and time it was searched without a warrant. The trial court erred in failing to sustain the motion to suppress the evidence.

The judgment of the court is reversed and the cause is remanded with directions to dismiss the action.