[Crim. No. 5768. In Bank. Nov. 29, 1955.]

THE PEOPLE, Appellant, v. CHARLES A. SIMON, Respondent.

*Assigned by Chairman of Judicial Council.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Appellant.

Oscar F. Irwin for Respondent.

A. L. Wirin and Fred Okrand as Amici Curiae on behalf of Respondent.

TRAYNOR, J.—By information defendant was charged with one count of possessing a narcotic in violation of Health and Safety Code, section 11500, a felony. His motion to set the information aside (see Pen. Code, § 995) was granted on the ground that all of the evidence against him, other

than admissions, was obtained by an illegal search of his person in violation of his constitutional rights. The People appeal.

At about 10:40 p. m. defendant, age 21, and a friend, age 20, were observed walking on the sidewalk in a warehouse district by a San Diego police patrolman who was walking his beat. The officer testified that "Well, I observed [defendant] walking south on Seventh Avenue, from Island, he went south to J Street, turned left on J, proceeded east on J Street to the corner of Ninth and J, where he turned around and followed the same course back to Seventh and Island." The officer then stopped defendant and his friend and searched them both, and in one of defendant's pockets he found a marijuana cigarette. Defendant told him that he had bought it in Tijuana, but he did not acknowledge knowing what it was. Defendant's friend had a bottle of liquor, and the officer arrested them both. After he was taken to the police station, dust and lint were collected from defendant's pockets and analyzed, and particles of marijuana were found.

With respect to his reasons for the searches and arrests the officer testified as follows: "I suspected [defendant] of committing a crime. What crime? Possession of alcoholic beverages. Did you see him with an alcoholic beverage? His partner had a bottle. Oh, his partner had one, did he? I wanted to find out so I searched him. Did he have an alcoholic beverage on him? I didn't find any. Why did you assume that he had an alcoholic beverage on him, why would you suspect that was a crime? Because of his age. Did you ask him how old he was? Yes, I did. Before or after you made the search of him? I searched his partner first and he was twenty years old—— The partner was twenty years old? Yes, sir. . . . After you searched his partner then you searched this defendant? Yes, sir. . . . Did you ask him his name and age, before you searched him? I never asked him, they had I.D. cards. Did you look at the I.D. cards? Yes, sir. How old did it show he was? Twenty-one, I believe. Twenty-one? Yes, sir. . . . I assumed him to be under twenty. . . . Didn't you say his I.D. card shows him to be twenty-one? I searched him before I looked at his I.D. card. Oh, you did, and you didn't try to ascertain his age before you conducted the search, did you? No sir, he looked younger than his partner. And the search was made solely because of the fact that you thought he was [a] minor in possession of alcoholic beverage? . . . Not solely for that purpose. What other reason? Well, the area that the boys

were found in, it is not a residential area and I didn't feel that they had any lawful business down there. It was a warehouse district and it was late at night.''

The attorney general contends that the search in this case was incidental to a lawful arrest and was therefore reasonable. Defendant, on the other hand, contends that the search preceded the arrest and was not incidental thereto and that in any event the arrest was unlawful.

In *People* v. *Brown, ante,* p. 640 [290 P.2d 528], we held that a search incident to an arrest could not be justified in the absence of ''reasonable cause'' under. Penal Code, section 836, merely because it revealed that defendant was in fact guilty of a felony. Accordingly, the search of defendant's person may be justified only if he was committing or attempting to commit an offense in the officer's presence (Pen. Code, § 836, subd. 1), or the officer had reasonable cause to believe he had committed a felony. (Pen. Code, § 836, subd. 5.) In such circumstances, however, it has been held that it is not significant whether the search precedes or follows the arrest. (*State* v. *McDaniel,* 115 Ore. 187 [237 P. 373, 376]; *State* v. *Reynolds,* 101 Conn. 224 [125 A. 636, 637-638]; *Ingle* v. *Commonwealth,* 204 Ky. 518 [264 S.W. 1088, 1090]; *Knight* v. *State,* 171 Ark. 882 [286 S.W. 1013, 1014-1015]; see also *Clark* v. *State,* 78 Okla.Crim. 423 [149 P.2d 994, 997]; *State* v. *Rotolo,* 39 Wyo. 181 [270 P. 665, 666-667].) Thus, if the officer is entitled to make an arrest on the basis of information available to him before he searches, and as an incident to that arrest is entitled to make a reasonable search of the person arrested and the place where he is arrested, there is nothing unreasonable in his conduct if he makes the search before instead of after the arrest. In fact, if the person searched is innocent and the search convinces the officer that his reasonable belief to the contrary is erroneous, it is to the advantage of the person searched not to be arrested. On the other hand, if he is not innocent or the search does not establish his innocence, the security of his person, house, papers, or effects suffers no more from a search preceding his arrest than it would from the same search following it. In either case the important considerations are whether the officer had reasonable cause before the search to make an arrest and whether the search and any seizures incident thereto were or were not more extensive than would reasonably be justified as incident to an arrest. (See *United States* v. *Rabinowitz,* 339 U.S. 56,

60-64 [70 S.Ct. 430, 94 L.Ed. 653].) We conclude, therefore, that a search is not unlawful merely because it precedes rather than follows the arrest.*

[2b] In the present case, however, there was no evidence of anything apparent to the officer's senses before the arrest and search that defendant was committing or attempting to commit an offense in his presence (see *People* v. *Brown, ante,* p. 640 [290 P.2d 528]), and it does not appear that the officer had reasonable cause to believe he had committed a felony. It is true that defendant's friend had a bottle, and it may be assumed without deciding that the appearance of the bottle and of defendant's friend were sufficient to justify the officer's concluding that the friend was committing a misdemeanor in his presence. (Bus. & Prof. Code, § 25662 [possession of alcoholic beverage by a minor on a public street]; see *Coverstone* v. *Davies,* 38 Cal.2d 315, 319-321 [239 P.2d 876].) ▮ The mere fact, however, that defendant was walking on the street with a 20-year-old friend who had a bottle did not constitute reasonable cause to believe that defendant was committing or attempting to commit an offense in the officer's presence by either aiding or abetting his friend in committing a crime or contributing to the delinquency of a minor. (Welf. & Inst. Code, § 702; *United States* v. *Di Re,* 332 U.S. 581, 592-594 [68 S.Ct. 222, 92 L.Ed. 210]; see also *Hernandez* v. *United States,* 17 F.2d 373; *Pearson* v. *United States,* 150 F.2d 219, 221; *Morgan* v. *State,* 197 Ind. 374 [151 N.E. 98, 100].)

▮ Similarly, there is no merit in the attorney general's contention that the officer had reasonable cause to believe that defendant had committed a felony. The officer's own testimony does not indicate that he believed defendant guilty

---

*In most of the cases cited for a contrary rule (*United States* v. *Swan,* 15 F.2d 598, 599; *Raniele* v. *United States,* 34 F.2d 877, 880; *Papani* v. *United States,* 84 F.2d 160, 164; *United States* v. *McCunn,* 40 F.2d 295, 296; *United States* v. *Setaro,* 37 F.2d 134, 136-137; *United States* v. *Sully,* 56 F.Supp. 942, 943-944; *United States* v. *Waller,* 108 F.Supp. 450, 452-453), there were either other reasons for holding the search unreasonable or the statement of the rule was dictum. Thus, in *United States* v. *Waller, supra,* although the court stated that a search that preceded an arrest could not be justified as incident thereto, it held that defendant had consented to the search. In *Raniele* v. *United States, supra,* the court was of the opinion that before the search the officers had insufficient grounds for believing an offense was being committed in their presence (see also *United States* v. *Setaro, supra*), and in *United States* v. *Swan, supra,* and *United States* v. *McCunn, supra,* defendant was not present or discovered by the officers until after the search was completed.

of a felony; he merely felt that the boys did not have any lawful business in a warehouse district at 10:40 p. m. ▇▇ Moreover, the mere fact that two persons walked a few blocks in a warehouse district at night and then retraced their steps would not constitute reasonable cause to believe either had committed a felony, even if the officer had entertained such a belief. (*State* v. *Miles,* 29 Wn.2d 921 [190 P.2d 740, 747]; *People* v. *Henneman,* 373 Ill. 603 [27 N.E. 2d 448, 449]; *People* v. *Stein,* 265 Mich. 610 [251 N.W. 788, 790, 92 A.L.R. 481]; see also *Hernandez* v. *United States supra,* 17 F.2d 373; *Pearson* v. *United States, supra,* 150 F.2d 219, 221; *Morgan* v. *State, supra,* 197 Ind. 374 [151 N.E. 98, 100].) This is not a case in which the officer knew or reasonably believed that a felony had recently been committed in the neighborhood (see *Gisske* v. *Sanders,* 9 Cal. App. 13, 15 [98 P. 43]), or in which a response to a reasonable inquiry elicited evidence that defendant may have been guilty of a crime. (See *Hughes* v. *Oreb,* 36 Cal.2d 854, 858 [228 P.2d 550].) ▇▇ There is, of course, nothing unreasonable in an officer's questioning persons outdoors at night (*Gisske* v. *Sanders, supra,* 9 Cal.App. 13, 16-17; *People* v. *Exum,* 382 Ill. 204 [47 N.E.2d 56, 60]; *People* v. *Henneman,* 367 Ill. 151 [10 N.E.2d 649, 650]; *United States* v. *Jankowski,* 28 F.2d 800, 802; see also *Morgan* v. *United States,* 159 F.2d 85, 86-87; *Kaiser* v. *United States,* 60 F.2d 410, 412-413; *Strogen* v. *United States,* 60 F.2d 483; *Brinegar* v. *United States,* 338 U.S. 160, 178 [69 S.Ct. 1302, 93 L.Ed. 1879], Burton, J., concurring), and it is possible that in some circumstances even a refusal to answer would, in the light of other evidence, justify an arrest. (See *Gisske* v. *Sanders, supra,* 9 Cal.App. 13, 17.) Even if it were conceded that in some circumstances an officer making such an inquiry might be justified in running his hands over a person's clothing to protect himself from an attack with a hidden weapon, certainly a search so intensive as that made here could not be so justified. ▇▇ In the present case the officer searched first and asked questions only after his search uncovered the incriminating cigarette, and there is nothing to indicate that had he confined himself to a reasonable inquiry, he would have discovered anything to confirm his suspicion that defendant had no lawful right to be where he was.

Under these circumstances, to permit an officer to justify a search on the ground that he "didn't feel" that a person on the street at night had any lawful business there would expose anyone to having his person searched by any

suspicious officer no matter how unfounded the suspicions were. Innocent people, going to or from evening jobs or entertainment, or walking for exercise or enjoyment, would suffer along with the occasional criminal who would be turned up. As pointed out by Mr. Justice Jackson in a similar case, "We meet in this case, as in many, the appeal to necessity. It is said that if such arrests and searches cannot be made, law enforcement will be more difficult and uncertain. But the forefathers, after consulting the lessons of history, designed our Constitution to place obstacles in the way of a too permeating police surveillance, which they seemed to think was a greater danger to a free people than the escape of some criminals from punishment. Taking the law as it has been given to us, this arrest and search were beyond the lawful authority of those who executed them." (*United States* v. *Di Re, supra,* 332 U.S. 581, 595.)

The order is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., Spence, J., and McComb, J. pro tem.,* concurred.

Appellant's petition for a rehearing was denied December 28, 1955. McComb, J. pro tem.,* participated therein in place of Edmonds, J. Shenk, J., and Spence, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.