[Crim. No. 2764. Third Dist. Nov. 25, 1957.]

THE PEOPLE, Respondent, v. RICHARD LUNA, Appellant.

Milton L. Baldwin, under appointment by the District Court of Appeal, for Appellant.

No appearance for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment of conviction of possession of heroin in violation of section 11500 of the Health and Safety Code and from an order denying a motion for a new trial.

Upon appellant's request for counsel to aid him in his appeal, this court appointed Milton L. Baldwin, Esquire, a member of the local bar to represent him. Mr. Baldwin has advised the court that after a careful study of the record he is of the opinion there is no ground for appeal.

Since the record disclosed a search and seizure of evidence used at the trial without the issuance of a search warrant,

Mr. Baldwin states that he particularly investigated the possibility that it could be meritoriously contended appellant's conviction was so far based upon evidence illegally obtained as to warrant reversal. He has further stated that after such study of the record and of applicable decisions he has concluded there would be no merit in that contention. This court has made an independent study of the record and has come to the conclusion that there is no merit in this appeal.

Capsules of heroin and other incriminating evidence were introduced into evidence over the objection that they had been obtained by unlawful search and seizure. The following showing was then made as justifying the conduct of the arresting officers. Inspector House, then acting supervising inspector of the State Bureau of Narcotic Enforcement, knew appellant to be a drug addict and he had been advised that appellant had, in the past, received narcotics through one Contreras. The night before appellant's arrest, Inspector House received information to the effect that appellant had obtained a large supply of narcotics. Inspector House took no action at that time. On the following morning however, a reliable informant telephoned him stating that the informant had just purchased a capsule of heroin from appellant in appellant's apartment. Inspector House immediately sent three officers to the apartment with instructions to place appellant and Contreras also under arrest. The officers arrested Contreras on the street. They knocked on the door of appellant's apartment, but there was no response. The officers then telephoned Inspector House asking further directions, and were told to enter the apartment. This they did by forcing the back door. Inside the apartment the officers found the heroin, portions of which were introduced in evidence. The officers waited in the apartment until appellant returned and then took him into custody. At that time, he admitted that the narcotics found in his apartment were his. Inspector House testified that he ordered the entry into appellant's apartment without a search warrant as he deemed the situation made it necessary to take immediate action.

Inspector House, at the time he ordered the officers to enter the apartment forcibly, had reasonable cause to believe that appellant had made an illegal sale of heroin in the apartment and that he was keeping an additional supply of heroin there. In view of the information he had obtained from the informant he could reasonably infer that notwith-

standing there was no response when the officers knocked on the door of the apartment that appellant was in the apartment and simply refusing to indicate his presence. Under these circumstances it cannot be said that the search conducted prior to the arrest was other than incidental thereto nor can it be contended that there was anything unreasonable or unlawful in the conduct of the officers. In such cases "the important considerations are whether the officer had reasonable cause before the search to make an arrest and whether the search and any seizures incident thereto were or were not more extensive that would reasonably be justified as incident to an arrest. . . ." (*People* v. *Simon,* 45 Cal.2d 645, 648 [290 P.2d 531].) ". . . it has been held that it is not significant whether the search precedes or follows the arrest." (*Id.* p. 648.) "A peace officer may make an arrest . . . , without a warrant, . . . when a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it," or "On a charge made, upon a reasonable cause, of the commission of a felony by the party arrested." (Pen. Code, § 836; *People* v. *Simon, supra.*) We hold that there was no illegal search or seizure and that the judgment appealed from ought to be affirmed.

The judgment and the order denying the motion for a new trial are affirmed.

Peek, J., and Schottky, J., concurred.