STATE of Oklahoma, Plaintiff in Error,

v.

R. L. CHRONISTER, Defendant in Error.

No. A-12845.

Court of Criminal Appeals of Oklahoma.

June 21, 1960.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for plaintiff in error.

W. B. Ward, Jr., Ada, for defendant in error.

BRETT, Judge.

This is an appeal by the State of Oklahoma upon a reserved question of law based upon the action of the District Court of Pontotoc County, Oklahoma, in sustaining the defendant's motion to suppress the evidence and in dismissing the prosecution.

Briefly, the facts upon which the appeal is predicated are as hereinafter related. The defendant R. L. Chronister and his accomplice, Wilbur Brian (both known to be police characters by arresting officers, French and Kroth) about midnight on March 9, 1959, were observed in the vicinity of Steffen's Ice Cream plant carrying a "tow" sack between them. The officers approached Chronister and Brian, whereupon the defendants immediately stopped and set down the sack, and the top part of the sack came open, exposing within the police car lights a considerable number of packages of Steffen's Ice Cream. The defendant Chronister and Brian were asked where they got the ice cream and they informed the officers that the ice cream had been given them at the Steffen's Ice Cream plant, which was located a half block away from the point of apprehension. The evidence discloses that the officers knew as a fact that recent acts of thievery had been prevalent in that area and they knew that Steffens was not open at that time of night. They were of the opinion that there was sufficient cause to believe that a felony had been committed and arrested the defendant and Brian. Thereafter, the officers took defendant and Brian to the police station, and subsequent investigation revealed the burglary of a Steffen's Ice Cream truck from which the ice cream had been removed. Upon this state of the record, the trial judge ruled that there was an unlawful search and seizure and sustained the motion to suppress. The state seeks a reversal of that holding on the theory that the police officers had reasonable grounds for believing that the defendants had committed a felony at the time that they were taken into custody.

The state bases this contention upon the provision of the statutes 22 O.S.A. § 196, reading in part as follows:

"A peace officer may, without a warrant, arrest a person:

"1. For a public offense, committed or attempted in his presence.

"2. When the person arrested has committed a felony, although not in his presence.

"3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"4. On a charge made upon reasonable cause, of the commission of a felony by the party arrested".

And 22 O.S.A. § 198 reads as follows:

"He may also at night, without a warrant, arrest any person whom he

has reasonable cause for believing to have committed a felony, and is justified in making the arrest though it afterward appear that the felony had not been committed."

The state makes no contention that an offense was committed in the officer's presence, but only that there was reasonable grounds to believe that Chronister and Brian had committed a felony at the time they were taken into custody. Hence, the sole question is whether the facts upon which the officers acted constitute sufficient grounds to sustain the arrests and seizure, under the law. In Heinzman v. State, 45 Okl.Cr. 305, 283 P. 264, 265, the late Judge Edwards said:

"There is a wide distinction between the right to arrest without a warrant in felony and in misdemeanor cases. The law recognizes a greater urgency in felony cases. Thus an officer does not have a right to arrest without a warrant for a misdemeanor not committed in his presence, but contemplates that he shall procure a warrant before making the arrest. Where a felony has been committed, however, though not in the presence of the officer, he may arrest without a warrant, or where a felony has been committed and the officer has reasonable cause for believing the person arrested to have committed it, or upon a charge based upon reasonable cause of the commission of a felony, Gaines v. State, 28 Okl.Cr. 353, 230 P. 946."

See also Darks v. State, Okl.Cr., 273 P.2d 880. This court has consistently held to the foregoing interpretation of the law in such cases. Jones v. State, Okl.Cr., 302 P. 2d 502, State v. Lumley, 83 Okl.Cr. 430, 178 P.2d 629. In Welch v. State, 30 Okl. Cr. 330, 236 P. 68, 70, this court quoted from the Supreme Court of the United States in Carroll v. U. S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, as follows:

"In an opinion written by Chief Justice Taft, this statement occurs: 'If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense has been committed, it is sufficient. * * * If a constable or other peace officer arrest a person without a warrant, he is not bound to show in his justification a felony actually committed, to render the arrest lawful; but if he suspects one on his own knowledge or facts; or upon facts communicated to him by others, and thereupon he has reasonable ground to believe that the accused has been guilty of felony, the arrest is not unlawful. But, as we have seen, good faith is not enough to constitute probable cause. That faith must be grounded on facts * * * which in the judgment of the court would make his faith reasonable.' "

And on page 341 of 30 Okl.Cr., at page 72 of 236 P. it is further stated in the body of the opinion:

"The use of the term 'probable cause' or 'reasonable cause' itself imports that there may not be absolute, irrefutable cause. If a showing of absolute cause were a condition precedent to a lawful arrest without a warrant, no officer could safely make an arrest without a warrant, for if that were the rule, whenever a defendant so arrested secured an acquittal by a jury, the arresting officer could be prosecuted for false arrest. The rule is well stated in Grau v. Forge, 183 Ky. 521, 209 S.W. 369, 3 A.L.R. 642, as follows:

"If the facts are such that a reasonably prudent man would have believed accused guilty, and would have acted upon that belief, a police officer is justified in making an arrest without a warrant, although subsequent events prove that no offense had been committed, or, if committed, that accused had no connection with it, where the statute authorizes arrest without warrant when the officer has reasonable grounds for believing that the person

arrested had committed a felony, although not in his presence."

What were the reasonable and probable grounds for belief a felony had been committed in the instant case? First, thefts of feed from the Ada Milling Company, which is in the vicinity of this burglary, had been called to the attention of the police, and the mill was under special police surveillance. Second, the officers observed Chronister and Brian carrying a full "tow" sack across the street adjacent to the milling company. Third, it is common knowledge that such sacks are used in packaging feed for sale. Fourth, it was near midnight and none of these establishments (Milling Co. or Steffens) were open. Fifth, the officers were familiar with the record of the suspects for thievery. Sixth, when the officers approached Chronister and Brian, on a sidewalk where the officers had a right to be, the defendant and Brian set the sack down on the sidewalk and the mouth of the sack fell down clearly exposing the ½ gallon cartons of frozen ice cream with the name of Steffens upon them. Seventh, the officers asked the defendants where they got the cartons, and were told that the cream had been given to them at the Steffens plant. Eighth, the officers knew that the plant was not open at that time of night. Any reasonably prudent officer, under these conditions, could draw no other conclusion than that these two men had come into possession of the ice cream under conditions amounting to the commission of a felony. The subsequent investigation of the burglarizing of the Steffen's truck confirmed the wisdom of their prudence. State v. Lumley, supra, Darks v. State, supra.

This case does not involve a search, for no search was necessary, since the contraband was clearly exposed to view. Moreover, the defendant and Brian were not arrested until after the officer's suspicions were confirmed by the lie as to how they came into possession of the ice cream. The record confirms this conclusion:

"Q. All right, sir. When you decided to arrest those individuals was it after they had set down the sack, you had seen the ice cream in it, you had asked them where they had gotten the ice cream and they had told you they had gotten it from Steffens, is that when you put them under arrest to take them to the Police Department?

"A. That is right, after they told me that they had given it to them, because I knew there was no one over there."

Exactly to the same effect was the testimony on cross-examination. The witness further testified:

"If it had been tied up, or something, I wouldn't have looked in it."

The arrest in this case was not predicated upon a subterfuge as a basis for arrest, as in Rainbolt v. State, 97 Okl. Cr. 164, 260 P.2d 426, relied upon by the defendant. That case and the other case relied upon by the defendant are clearly distinguishable from the case at bar. Other cases supporting the views herein expressed are Shetsky v. State, Okl.Cr., 290 P.2d 149, Ward v. State, 95 Okl.Cr. 387, 246 P.2d 761, Camp v. State, 70 Okl. Cr. 68, 104 P.2d 572, and Hargus v. State, 58 Okl.Cr. 301, 54 P.2d 211, 212, wherein it was said:

"For the purpose of preserving the peace and to prevent crime a peace officer or private citizen may make reasonable inquiry of persons coming under his observation or brought to his knowledge under circumstances which reasonably suggest that a crime has been or is about to be committed."

People v. West, 144 Cal.App.2d 214, 300 P. 2d 729, 732, is very much in point with the situation herein involved. The defendant had burglarized a locked automobile, stealing a quantity of male and female wearing appearel. The officer observed him walking down the darker side of the street with the clothing wound together in a bundle. When approached by the officer he placed the bundle on the hood of the police car and started to unwrap the bundle upon inquiry. The defendant explained that he had picked

**498**

up the clothing from a cleaners and that they were his clothes. The officer asked him to hold some of the clothes to himself to see if they would fit, but it appeared that the clothes did not come anywhere close to fitting him. Furthermore, some of the clothes were women's apparel. Moreover, the officers had had numerous reports of burglaries in the area which they were patroling. West was then taken to the police station, and a later investigation disclosed that the apparel came from the car of a Mr. Bailey, which had been burglarized. On this evidence the trial court sustained a motion to suppress, which the California Supreme Court held was error. Therein the California Court said in part:

"There is, of course, nothing unreasonable in an officer questioning persons outdoors at night, and when a response to a reasonable inquiry elicited evidence that the defendant may have been guilty of a crime, especially where, as here, the officers had numerous reports of 'burglaries in the area', the officers' conduct was not unreasonable. People v. Simon, 45 Cal.2d 645, 650, 290 P.2d 531; People v. Blodgett, 46 Cal.2d 114, 293 P.2d 57; Gisske v. Sanders, 9 Cal.App. 13, 98 P. 43, cited in People v. Simon, supra; People v. Rodriquez, 140 Cal.App.2d 865, 296 P.2d 38. The occurrences and facts before the officers, and the inferences that could reasonably be drawn therefrom, '* * * left no doubt not only as to the reasonableness but as to the necessity for an investigation.' People v. Martin, 46 Cal.2d 106, 293 P.2d 52, 53. * * * In view of what the officers saw and heard, it is our conclusion that it was not unreasonable for them to entertain an honest and strong suspicion that the defendant was guilty of a crime. In our opinion the officers had reasonable cause to arrest the defendant and if there was a search, it was entirely proper as an incident to the lawful arrest."

Such is our conclusion in the case at bar. The reserved question is resolved in favor of the State, that the trial court erred in sustaining the motion to suppress on the theory of an unlawful search and seizure. The case is accordingly reversed and remanded with directions to proceed under the law in a manner not inconsistent with the views herein expressed.

POWELL, P. J., and NIX, J., concur.