THE PEOPLE, Respondent, v. HOWARD L. QUONG,
Appellant.

Arthur D. Klang and Melvin L. Hawley, under appoint-
ment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Arlo E. Smith, Deputy
Attorney General, for Respondent.

DRAPER, J.—After trial by the court sitting without a
jury, defendant was convicted of possession of heroin. He
appeals from the judgment.

Within a few days before defendant's arrest, several armed
robberies of drug stores and bars had been committed in the
early morning hours in the general neighborhood of Valencia
and Market Streets in San Francisco. Each was committed by
two men. At about 12:20 a. m. on the night of the arrest, two
police officers who knew of these robberies were patrolling

the area in an automobile. They saw two men sitting in an unlighted car parked across the street from a drug store on Market. The car suddenly backed up 10 or 15 feet along the curb. The police drove alongside the car and stopped. One policeman went to the passenger side of the car. He saw defendant move his closed hand toward his pocket, and asked him what was in the hand. After first denying that he held anything, defendant opened his hand and displayed to the officer a capsule containing a powdery substance. When asked if the capsule contained heroin, he answered ''yes.'' He was then arrested and searched. The officers had no warrant. At the trial, the heroin was not produced, but it was stipulated that a state chemist, if called as a witness, would produce the capsule and would testify that it contained .06 grams of heroin.

Defendant first argues that this stipulation amounted to a plea of guilty and thus must be made by defendant personally, rather than by counsel. There is little merit in the suggestion that the stipulation had the effect of a guilty plea (see *People* v. *Barnes,* 30 Cal.2d 524, 529-530 [183 P.2d 654]; *People* v. *Wilson,* 78 Cal.App.2d 108, 119-120 [177 P.2d 567]; *People* v. *Garvey,* 93 Cal.App. 497, 503 [269 P. 702].) It is unnecessary, however, to consider this point. The record clearly shows that defendant personally joined in the stipulation.

Also without merit is the contention that the officer obtained the heroin by an unlawful search and seizure. ██ There is nothing unreasonable in a police officer's questioning persons outdoors at late hours of the night (*People* v. *Blodgett,* 46 Cal.2d 114, 117 [293 P.2d 57]; *People* v. *Simon,* 45 Cal.2d 645, 650-651 [290 P.2d 531]), particularly when they know that public offenses have recently been committed in the immediate area (*People* v. *Wiley,* 162 Cal.App.2d 836 [328 P.2d 823]; *Gisske* v. *Sanders,* 9 Cal.App. 13 [98 P. 43]). ██ When approached for such questioning, defendant's furtive acts indicating an attempt to conceal some article justified a search (*People* v. *Blodgett, supra*). ██ In fact, however, no search was made. Rather, defendant voluntarily disclosed the capsule and admitted the character of its contents. Thus the problem of reasonable ground for search and seizure does not arise (*People* v. *Burke,* 47 Cal.2d 45, 49 [301 P.2d 241]; *People* v. *Michael,* 45 Cal.2d 751 [290 P.2d 852]).

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.