[Crim. No. 1649.   Fourth Dist.   Sept. 18, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE RUSE, Defendant and Appellant.

Mary E. Harvey, under appointment by the District Court of Appeal, for Defendant and Appellant.

760

Stanley Mosk, Attorney General, Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Charles A. Collins, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), J.—Defendant George Ruse appeals from a judgment convicting him of possessing marijuana (Health & Saf. Code, § 11530). He admitted a prior felony conviction.

Officer Wood of the San Diego Police Forgery Detail had been investigating the defendant, suspected of passing bad checks. The investigation produced several dishonored checks and a complaint by the manager of a car rental agency that defendant had an overdue car.

Without a warrant, on July 3, 1963, Officer Wood arrested defendant outside a motel. The officer told him "he was under arrest for checks and car theft." (Pen. Code, §§ 476 and 487, subd. 3.) He recognized defendant from a photograph; defendant admitted his identity at the time, but had no identification on his person. Upon suggestion, defendant permitted Officer Wood and three other officers entry into his room for the purpose of obtaining identification. A search of the room produced marijuana. Defendant contends the marijuana was the product of an illegal search and seizure.

An arrest without a warrant by a peace officer is justified where a public offense is committed in his presence or if the arresting officer has reasonable cause to believe that the person arrested has committed a felony. (Pen. Code, § 836; *People* v. *Simon,* 45 Cal.2d 645, 648 [290 P.2d 531]; *People* v. *Privett,* 55 Cal.2d 698, 701 [12 Cal.Rptr. 874, 361 P.2d 602].)

When the record reveals an arrest is made without a warrant, the burden rests upon the prosecution to show justification. (*Badillo* v. *Superior Court,* 46 Cal.2d 269, 272 [294 P.2d 23]; *Tompkins* v. *Superior Court,* 59 Cal.2d 65, 67 [27 Cal.Rptr. 889, 378 P.2d 113]; *People* v. *Haven,* 59 Cal. 2d 713, 717 [31 Cal.Rptr. 47, 381 P.2d 927]; *People* v. *Shelton,* 60 Cal.2d 740, 744 [36 Cal.Rptr. 433, 388 P.2d 665].)

The question of probable cause justifying an arrest "... *must be tested upon the facts which the record shows were known to the officers at the time the arrest was made.*" (Italics added.) (*People* v. *Privett,* 55 Cal.2d 698, 701 [12 Cal.Rptr. 874, 361 P.2d 602].)

■ At the time defendant was arrested, the crime of passing bad checks (Pen. Code, § 476) was a felony if the sums involved totaled $50 or more. The record lacks evidence showing Officer Wood suspected defendant had passed bad checks totaling $50 or more.

Defendant had rented a car. The only evidence of car theft was testimony by Officer Wood that the rental company had complained to him it had heard that "bad checks were bouncing around" and it was concerned because the car was overdue. Officer Wood said he had no knowledge of how long the car was overdue. This evidence is insufficient to show Officer Wood had a reasonable belief defendant committed car theft, a felony. Indeed, on cross-examination Officer Wood testified he told defendant he was "under arrest for checks"; he stated he was not much concerned about the car. The inescapable conclusion is the prosecution failed to meet the burden of establishing that the arrest, made without a warrant, was justified.

The remaining issue is whether evidence obtained as an incident to an unlawful arrest is admissible. ■ *People* v. *Haven,* 59 Cal.2d 713, 719 [31 Cal.Rptr. 47, 381 P.2d 927] states: "A search and seizure made pursuant to consent secured immediately following an illegal . . . arrest . . . is inextricably bound up with illegal conduct and cannot be segregated therefrom." (Disapproving cases to the contrary.) (See also, *People* v. *Edgar,* 60 Cal.2d 171, 174 [32 Cal.Rptr. 41, 383 P.2d 447].)

The judgment is reversed.

Griffin, P. J., and McCabe, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.