Simons and Bellacosa, JJ.
(dissenting). We conclude that the seizure of drugs from defendant’s pocket was a search incident to arrest and therefore it was valid even in the absence of a warrant. Accordingly, we dissent.
As the majority concludes, defendant was lawfully subjected to a Terry frisk by the police. During that frisk, the officer felt what he believed to be drug vials. The officer then proceeded to search defendant’s pocket, discover the drugs and arrest defendant. The sole question presented is whether the intrusion into defendant’s pocket in the circumstances of this case falls within any of the established exceptions to the warrant requirement.
No warrant is required when a search is conducted incident to a lawful arrest (Sibron v New York, Peters v New York, 392 US 40). Whether the arrest comes before or after the search is not dispositive, provided that it is contemporaneous with the search and that no evidence from the search is used to justify the arrest (Rawlings v Kentucky, 448 US 98, 111; see also, Sibron v New York, Peters v New York, supra, at 76-77 [Harlan, J., concurring]; see generally, 2 LaFave, Search and Seizure § 5.4 [a] [2d ed]).* Applying those principles to the *114 present facts, if the police had probable cause to arrest defendant before the search inside his pocket, the incident-to-arrest exception applies and the search is valid.
That is precisely what happened here. The touch alone did not give the officer justification to search, as would be the case if the "plain touch” doctrine applied, and the Appellate Division did not so hold. Instead, its finding was based upon all the circumstances known to the officer at the time of the search. Based upon these circumstances, it found that r[o]nce the officer felt the vials * * * he had probable cause to arrest” (181 AD2d 597, 599-600 [emphasis added]). Probable cause is a mixed question of law and fact and inasmuch as there is evidence in the record to support that finding, it is beyond our power of review (see, CPL 450.90; People v Brockington, 176 AD2d 743, appeal dismissed 80 NY2d 855). Because the officer had probable cause to arrest defendant and needed no warrant to search under the incident-to-arrest exception, we need not consider the "plain touch” theory as a basis for justifying the search.
While we are expressing our views on the merits, we note that this appeal should be dismissed at the threshold because the Appellate Division reversal is "on the law and facts” and the disposition does not qualify for an appeal under CPL 450.90 (2) (a) (see, People v Brockington, supra).
Chief Judge Kaye and Judges Titone and Smith concur with Judge Hancock, Jr.; Judges Simons and Bellacosa dissent in a joint opinion.
Order reversed, etc.

 As explained by Justice Traynor in People v Simon (45 Cal 2d 645, 648, 290 P2d 531, 533): "Thus, if the officer is entitled to make an arrest on the basis of information available to him before he searches, and as an incident to that arrest is entitled to make a reasonable search of the person arrested * * *, there is nothing unreasonable in his conduct if he makes the search before instead of after the arrest. In fact, if the person searched is innocent and the search convinces the officer that his reasonable belief to the *114 contrary is erroneous, it is to the advantage of the person searched not to be arrested. On the other hand, if he is not innocent or the search does not establish his innocence, the security of his person, house, papers, or effects suffers no more from a search preceding his arrest than it would from the same search following it.”